# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 21, 1905.

## RICHARD J. CAPRON

### VS.

## TRADERS' NATIONAL BANK ET AL.

*Taylor & Keech* for plaintiff.

*George R. Willis, J. P. Bruns, H. D. Hinternesch* and *H. J. Jewett* for defendants.

DENNIS, J.—

I am of the opinion that the bank, as pledgee, is entitled to be treated as a *bona fide* purchaser for value, only to the extent of its present advances on the shares of stock in question, and that its claim to the excess proceeds of the sale of these shares must yield to the claim of Capron, the true owner; although the contract of hypothecation did in terms require that the pledge should stand not only for the present advance, but for the previous loans. This seems to be supported by the authorities; see Zucker vs. Karpeless, 88 Mich., 413; Neaver vs. Borden, 49 N. Y., 286, and Modie vs. Seventh Nat. Bank, 11 Phila., 366, where the express point seems to be ruled.

An analogous situation is presented under the Insolvent Law and the Bankrupt Law in the case of prohibited preferences. Under those systems it is held that, where an insolvent procures from one who is already his creditor, a present *bona fide* advance, and gives security for both the present advance and the antecedent debt, the transaction will be severed and the creditor allowed his lien for the present advance, while the attempted security for the antecedent debt is struck down as a preference. 80 Md., 196.

I will sign a decree accordingly.